

**OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
for the
MIDDLE DISTRICT OF PENNSYLVANIA
U.S. Courthouse
228 Walnut Street, Rm. 1060
P.O. Box 983
Harrisburg, PA 17108-0983**

Peter J. Welsh,
Clerk of Court

(717) 221-3920  FAX (717) 221-3959
Internet Address: www.pamd.uscourts.gov

Scranton:      (570) 207-5600
Williamsport: (570) 323-6380

January 21, 2021

Clerk, U.S. District Court
E. Barret Prettyman U.S. Courthouse
333 Constitution Ave, N.W., Rm 1225
Washington, D.C. 20001

Re: Riley June Wiliam – PAMD Case No.: 1:21-MJ-0007

Charging District's Case No.: 21 – MJ-099

Dear Clerk,

Please be advised that initial proceedings under Rule 5 were held as to the above-named defendant. The defendant was ordered released on bail pending further proceedings in your district. The filings from the court proceeding may be retrieved from CM/ECF at https://ecf.pamd.circ3.dcn  and are enclosed.

If this office can be of any further assistance, please contact the undersigned court clerk at (717) 221-3924.

Sincerely,

*s/ Kevin J. Neary*

Kevin J. Neary, Deputy Clerk

CLOSED,CUSTODY-Federal

## United States District Court
## District of Nevada (Las Vegas)
## CRIMINAL DOCKET FOR CASE #: 2:21-mj-00110-DJA-1

Case title: USA v. Sandlin
Other court case number: 1:21-mj-129-ZMF District of Columbia

Date Filed: 02/01/2021
Date Terminated: 02/03/2021

Assigned to: Magistrate Judge Daniel J. Albregts

### Defendant (1)

**Ronald L Sandlin**
*TERMINATED: 02/03/2021*

represented by **Russell Marsh**
Wright Marsh & Levy
300 S. 4th Street, Suite 701
Las Vegas, NV 89101
702-382-4004
Fax: 702-382-4800
Email: russ@wmllawlv.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

### Pending Counts
None

### Disposition

### Highest Offense Level (Opening)
None

### Terminated Counts
None

### Disposition

### Highest Offense Level (Terminated)
None

### Complaints
Rule 5

### Disposition
TRANSMITTED to District of Columbia on 2/3/2021.

### Plaintiff

**USA**

represented by **Nicholas D Dickinson**
US Attorneys Office
501 Las Vegas Blvd. South

Suite 1100
Las Vegas, NV 89101
702-388-6336
Email: nicholas.dickinson@usdoj.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/01/2021 | | Case assigned to Magistrate Judge Daniel J. Albregts. (KL) (Entered: 02/01/2021) |
| 02/01/2021 | 1 | MEMORANDUM re: *Detention* by USA as to Ronald L Sandlin. (Dickinson, Nicholas) (Entered: 02/01/2021) |
| 02/01/2021 | 2 | Rule 5(c)(3) Documents Received as to Ronald L Sandlin. Documents received from District of Columbia include: Complaint. (MR) (Main Document 2 replaced on 2/1/2021) (MR). (Entered: 02/01/2021) |
| 02/01/2021 | 3 | MINUTES OF PROCEEDINGS - Initial Appearance in Rule 5(c)(3) Proceeding as to Ronald L Sandlin held on 2/1/2021 before Magistrate Judge Daniel J. Albregts. Crtrm Administrator: *J. Ries*; AUSA: *Nicholas Dickinson*; Def Counsel: *Russell Marsh*; PTS: *Emily McKillip*; Recording start and end times: *3:04 - 4:24*; Courtroom: *3A*; This hearing is conducted via video conferencing. Defendant is present in custody. Financial Affidavit filed. The Federal Public Defenders Office is appointed as defense counsel. Waiver of Identity Hearing filed. ORDERED defendant identified as named defendant in complaint and is held to answer in the District of Columbia. The Court issues an oral order to the parties confirming the United States' *Brady* obligations and government counsel orally objects. Government counsel seeks detention and the court hears arguments. ORDERED defendant is DETAINED. FURTHER ORDERED the U.S. Marshal will transport the defendant forthwith to the District of Columbia. If the defendant is not transported by 3/1/21, government counsel is to file a status report by 3/1/21 regarding transportation of the defendant. Defendant is remanded to custody. Rule 5 deadline set for 2/8/2021.**(no image attached)** (Copies have been distributed pursuant to the NEF - JAR) (Entered: 02/03/2021) |
| 02/01/2021 | 5 | ORDER APPOINTING COUNSEL as to Ronald L Sandlin. CJA Russell Marsh appointed as counsel for Defendant. Please see LCR 17-1(c) re the issuance of subpoenas. Signed by Magistrate Judge Daniel J. Albregts on 2/1/2021. *Nunc Pro Tunc:* 1/29/2021. (Copies have been distributed pursuant to the NEF - MR) (Entered: 02/03/2021) |
| 02/01/2021 | 6 | WAIVER of Rule 5(c)(3) Hearings as to Ronald L Sandlin. (MR) (Entered: 02/03/2021) |
| 02/01/2021 | 7 | COMMITMENT TO ANOTHER DISTRICT as to Ronald L Sandlin. Defendant committed to District of Columbia. Signed by Magistrate Judge Daniel J. Albregts on 2/1/2021. (Copies have been distributed pursuant to the NEF - MR) (Entered: 02/03/2021) |
| 02/01/2021 | 10 | MINUTE ORDER IN CHAMBERS of the Honorable Magistrate Judge Daniel J. Albregts, as to Ronald L Sandlin on 2/1/2021.<br>Under federal law, including Rule 5(f) of the Federal Rules of Criminal Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963), and all applicable decisions interpreting *Brady*, the government has a continuing obligation to produce all information or evidence known to the government that is relevant to the guilt or punishment of a defendant, including, but not limited to, exculpatory evidence.<br><br>Accordingly, the Court Orders the government produce to the defendant in a timely manner all information or evidence known to the government that is either: (1) relevant to |

| | | |
|---|---|---|
| | | the defendant's guilt or punishment; or (2) favorable to the defendant on the issue of guilt or punishment.<br><br>This Order is entered under Rule 5(f) and does not relieve any party in this matter of any other discovery obligation. The consequences for violating either this Order or the government's obligations under *Brady* include, but are not limited to, the following: contempt, sanction, referral to a disciplinary authority, adverse jury instruction, exclusion of evidence, and dismissal of charges. **(no image attached)** (Copies have been distributed pursuant to the NEF - MR) (Entered: 02/04/2021) |
| 02/03/2021 | 8 | ORDER OF DETENTION as to Ronald L Sandlin. Defendant shall be detained pending trial. Signed by Magistrate Judge Daniel J. Albregts on 2/3/2021. (Copies have been distributed pursuant to the NEF - MR) (Entered: 02/03/2021) |
| 02/03/2021 | 9 | TRANSMITTAL to the District of Columbia regarding Rule 5c documents in case as to Ronald L Sandlin. Transmitted electronically. (MR) (Entered: 02/03/2021) |

| PACER Service Center ||
|---|---|
| Transaction Receipt ||
| 02/05/2021 09:57:03 ||
| **PACER Login:** | hjack7777:4313136:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:21-mj-00110-DJA |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |
| **Exempt flag:** | Exempt | **Exempt reason:** | Always |

**PACER fee: Exempt**

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
## for the
### District of Columbia

| | | |
|---|---|---|
| United States of America<br>v.<br>**Riley June Williams**<br><br>*Defendant* | )<br>)<br>)<br>)<br>)<br>)<br>) | Case No. |

## ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*                                    **Riley June Williams**
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment     ☐ Superseding Indictment     ☐ Information     ☐ Superseding Information     ☒ Complaint
☐ Probation Violation Petition     ☐ Supervised Release Violation Petition     ☐ Violation Notice     ☐ Order of the Court

This offense is briefly described as follows:

18 USC 1752(a)(1) Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority
40 USC 5104(e)(2) Violent Entry and Disorderly Conduct on Capitol Grounds

Date:    01/17/2021

*Robin M. Meriweather*
Digitally signed by Robin M. Meriweather
Date: 2021.01.17 13:20:33 -05'00'

*Issuing officer's signature*
Robin M. Meriweather
United States Magistrate Judge
*Printed name and title*

City and state:  Washington D.C.

---

### Return

This warrant was received on *(date)* 1/17/21, and the person was arrested on *(date)* 1/18/21
at *(city and state)* Harrisburg, PA

Date: 1/21/21

*[signature]*
*Arresting officer's signature*

Special Agent Angela Strause
*Printed name and title*

AO 91 (Rev 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

District of Columbia

| | |
|---|---|
| United States of America<br>v.<br>**Riley June Williams**<br><br>**Date of Birth: XXXXXXX**<br>*Defendant(s)* | )<br>)<br>) Case No.<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of ____January 6, 2021____ in the county of _____ in the _____ in the District of ____Columbia____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC 1752(a)(1) | Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority |
| 40 USC 5104(e)(2) | Violent Entry and Disorderly Conduct on Capitol Grounds |

This criminal complaint is based on these facts:
See attached statement of facts.

☒ Continued on the attached sheet.

*Complainant's signature*

Jonathan M. Lund, Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: ____01/17/2021____

City and state: Washington D.C.

**Robin M. Meriweather**
Digitally signed by Robin M. Meriweather
Date: 2021.01.17 13:03:09 -05'00'

*Judge's signature*
Robin M. Meriweather
United States Magistrate Judge
*Printed name and title*

# UNITED STATES DISTRICT COURT
### for the
### Middle District of Pennsylvania

**FILED**
HARRISBURG, PA
JAN 2? 2021
PER _____
DEPUTY CLERK

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| RILEY JUNE WILLIAMS | ) | Case No. 1:21-MJ-0007 |
| | ) | |
| *Defendant* | ) | |

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1) The defendant must not violate federal, state, or local law while on release.

(2) The defendant must cooperate in the collection of a DNA sample if it is authorized by 34 U.S.C. § 40702.

(3) The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(4) The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

The defendant must appear at: __virtually as instructed__
*Place*

on __January 25, 2021 at 1:00 PM__
*Date and Time*

If blank, defendant will be notified of next appearance.

(5) The defendant must sign an Appearance Bond, if ordered.

AO 199B (Rev. 12/11) Additional Conditions of Release                                                                                          Page  2  of  3  Pages

## ADDITIONAL CONDITIONS OF RELEASE

IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

( X )  (6)  The defendant is placed in the custody of:
  Person or organization  _Wendy Williams_
  Address *(only if above is an organization)*  _410 Spring Valley Rd_
  City and state  _Harrisburg, PA 17109_        Tel. No. _717-440-2551_
  who agrees to (a) supervise the defendant, (b) use every effort to assure the defendant's appearance at all court proceedings, and (c) notify the court immediately if the defendant violates a condition of release or is no longer in the custodian's custody.

                                              Signed: _Wendy Williams_           _1/31/21_
                                                        Custodian                    Date

( X )  (7)  The defendant must:
  ( X ) (a)  submit to supervision by and report for supervision to the  Pre-Trial Services Office ,
              telephone number   (717) 901-2860 , no later than   .
  ( X ) (b)  continue or actively seek employment.
  (   ) (c)  continue or start an education program.
  ( X ) (d)  surrender any passport to:  Clerk, U.S. District Court
  ( X ) (e)  not obtain a passport or other international travel document.
  ( X ) (f)  abide by the following restrictions on personal association, residence, or travel:  travel restricted to the Middle District of Pennsylvania and for court appearances only Maryland and the District of Columbia
  ( X ) (g)  avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including:   
  ( X ) (h)  get medical or psychiatric treatment:  as directed by pre-trial services
  (   ) (i)  return to custody each _____ at _____ o'clock after being released at _____ o'clock for employment, schooling, or the following purposes:   
  (   ) (j)  maintain residence at a halfway house or community corrections center, as the pretrial services office or supervising officer considers necessary.
  ( X ) (k)  not possess a firearm, destructive device, or other weapon.
  ( X ) (l)  not use alcohol (   ) at all ( X ) excessively.
  ( X ) (m) not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
  ( X ) (n)  submit to testing for a prohibited substance if required by the pretrial services office or supervising officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing.
  ( X ) (o)  participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising officer.
  ( X ) (p)  participate in one of the following location restriction programs and comply with its requirements as directed.
      (   ) (i)   **Curfew.** You are restricted to your residence every day (   ) from _____ to _____, or (   ) as directed by the pretrial services office or supervising officer; or
      ( X ) (ii)  **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by the pretrial services office or supervising officer; or
      (   ) (iii) **Home Incarceration.** You are restricted to 24-hour-a-day lock-down at your residence except for medical necessities and court appearances or other activities specifically approved by the court.
  ( X ) (q)  submit to location monitoring as directed by the pretrial services office or supervising officer and comply with all of the program requirements and instructions provided.
      (   ) You must pay all or part of the cost of the program based on your ability to pay as determined by the pretrial services office or supervising officer.
  ( X ) (r)  report as soon as possible, to the pretrial services office or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.
  (   ) (s)

AO 199C  (Rev. 09/08)  Advice of Penalties                                                            Page ___3___ of ___3___ Pages

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (*i.e.*, in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:
(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
*Defendant's Signature*

Harrisburg PA 17111 Spring Valley Rd #A
_____
*City and State*

### Directions to the United States Marshal

( ✓ ) The defendant is ORDERED released after processing.
(   ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date: 1-21-2021

_____
*Judicial Officer's Signature*

Martin C. Carlson, U.S. Magistrate Judge
_____
*Printed name and title*

DISTRIBUTION:   COURT   DEFENDANT   PRETRIAL SERVICE   U.S ATTORNEY   U.S. MARSHAL

AO 466A (Rev. 12/09) Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

```
___FILED       ___RECEIVED
___ENTERED     ___SERVED ON
               COUNSEL/PARTIES OF RECORD

        FEB -1 2021

    CLERK US DISTRICT COURT
       DISTRICT OF NEVADA
BY:_____DEPUTY
```

# UNITED STATES DISTRICT COURT
## for the

United States of America )
v. )  Case No. 2:21-mj-00110-DJA
)
Ronald L. Sandlin )  Charging District's Case No.
_____ )
Defendant )

## WAIVER OF RULE 5 & 5.1 HEARINGS
### (Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)* U.S. Dist. Ct. D.C.

I have been informed of the charges and of my rights to:

(1) retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2) an identity hearing to determine whether I am the person named in the charges;

(3) production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4) a preliminary hearing within 14 days of my first appearance if I am in custody and 21 days otherwise — unless I am indicted — to determine whether there is probable cause to believe that an offense has been committed;

(5) a hearing on any motion by the government for detention;

(6) request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☒ an identity hearing and production of the warrant.

☒ a preliminary hearing.

☐ a detention hearing.

☐ an identity hearing, production of the warrant, and any preliminary or detention hearing to which I may be entitled in this district. I request that those hearings be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date: 2/1/21

Ronald L. Sandlin
signed pursuant to G.O. 2020-05
*Defendant's signature*

Russell E. Marsh
*Signature of defendant's attorney*

RUSSELL E. MARSH
*Printed name of defendant's attorney*

AO 94 (Rev. 01/09) Commitment to Another District

# UNITED STATES DISTRICT COURT
for the

District of __NEVADA__

| | |
|---|---|
| United States of America<br>v.<br><br>__RONALD SANDLIN__<br>*Defendant* | )<br>)<br>) Case No. __2:21-mj-00110-DJA__<br>)<br>) Charging District's<br>) Case No. __1:21-mj-129-ZMF__ |

## COMMITMENT TO ANOTHER DISTRICT

The defendant has been ordered to appear in the _____ District of __Columbia__.

The defendant may need an interpreter for this language: __n/a__ .

The defendant: ☐ will retain an attorney.

                 x is requesting court-appointed counsel.

The defendant remains in custody after the initial appearance.

**IT IS ORDERED:** The United States marshal must transport the defendant, together with a copy of this order, to the charging district and deliver the defendant to the United States marshal for that district, or to another officer authorized to receive the defendant. The marshal or officer in the charging district should immediately notify the United States attorney and the clerk of court for that district of the defendant's arrival so that further proceedings may be promptly scheduled. The clerk of this district must promptly transmit the papers and any bail to the charging district.

Date: __February 1, 2021__

                                                            *Judge's signature*

                                          DANIEL J. ALBREGTS, , U.S. MAGISTRATE JUDGE
                                                               *Printed name and title*

```
___ FILED       ___ RECEIVED
___ ENTERED     ___ SERVED ON
           COUNSEL/PARTIES OF RECORD

           FEB -1 2021

        CLERK US DISTRICT COURT
           DISTRICT OF NEVADA
BY:_____ DEPUTY
```

AO 472 (Rev. 11/16) Order of Detention Pending Trial



# UNITED STATES DISTRICT COURT
## for the
### District of NEVADA

United States of America )
v. )
) Case No.   2:21-mj-00110-DJA
RONALD SANDLIN )
*Defendant* )

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☐ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
x Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:
  ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):
    ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
    ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**
    ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**
    ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**
    ☐ **(e)** any felony that is not otherwise a crime of violence but involves:
      **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921);
      **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; *and*
  ☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; *and*
  ☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; *and*
  ☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

AO 472 (Rev. 11/16) Order of Detention Pending Trial

☐ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

   ☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

   ☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

   ☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

   ☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

   ☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

   ☐ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

   **OR**

   ☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

x  By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

x  By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

   x  Weight of evidence against the defendant is strong
   ☐  Subject to lengthy period of incarceration if convicted
   ☐  Prior criminal history
   ☐  Participation in criminal activity while on probation, parole, or supervision
   ☐  History of violence or use of weapons
   ☐  History of alcohol or substance abuse
   x  Lack of stable employment
   x  Lack of stable residence
   ☐  Lack of financially responsible sureties

    x  Lack of significant community or family ties to this district
    ☐  Significant family or other ties outside the United States
    ☐  Lack of legal status in the United States
    ☐  Subject to removal or deportation after serving any period of incarceration
    ☐  Prior failure to appear in court as ordered
    ☐  Prior attempt(s) to evade law enforcement
    ☐  Use of alias(es) or false documents
    ☐  Background information unknown or unverified
    ☐  Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

Based upon the record before the court, defendant is likely to obstruct justice if released. Given the allegations contained in the complaint and the strength of the evidence supporting them, the court believes the defendant would not follow any condition imposed by the court even if the court could fashion conditions to address flight risk, danger and obstruction of justice concerns.

**Part IV - Directions Regarding Detention**

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: 2/3/2021

_United States Magistrate Judge_

**DANIEL J. ALBREGTS**
**U.S. MAGISTRATE JUDGE**

AO 467 (Rev 01/09) Order Requiring a Defendant to Appear in the District Where Charges are Pending and Transferring Bail

# UNITED STATES DISTRICT COURT
for the
Middle District of Pennsylvania

FILED
HARRISBURG, PA

JAN 21 2021

PER _____
DEPUTY CLERK

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. 1:21-MJ-007 |
| | ) | |
| RILEY JUNE WILLIAMS | ) | Charging District:    District of Columbia |
| *Defendant* | ) | Charging District's Case No.  21-MJ-099 |

## ORDER REQUIRING A DEFENDANT TO APPEAR IN THE DISTRICT WHERE CHARGES ARE PENDING AND TRANSFERRING BAIL

After a hearing in this court, the defendant is released from custody and ordered to appear in the district court where the charges are pending to answer those charges. If the time to appear in that court has not yet been set, the defendant must appear when notified to do so. Otherwise, the time and place to appear in that court are:

| Place: U.S. District Court - District of Columbia<br>333 Constitution Ave, N.W., Rm 1225<br>Washington, DC 20001 | Courtroom No.: Appear by Video as Directed |
|---|---|
| | Date and Time: |

The clerk is ordered to transfer any bail deposited in the registry of this court to the clerk of the court where the charges are pending.

Date: 1-28-2021

_____
*Judge's signature*

Martin C. Carlson, United States Magistrate Judge
*Printed name and title*



OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
for the
MIDDLE DISTRICT OF PENNSYLVANIA
U.S. Courthouse
228 Walnut Street, Rm. 1060
P.O. Box 983
Harrisburg, PA 17108-0983

Peter J. Welsh,
Clerk of Court

(717) 221-3920  FAX (717) 221-3959
Internet Address: www.pamd.uscourts.gov

Scranton:      (570) 207-5600
Williamsport:  (570) 323-6380

January 21, 2021

Clerk, U.S. District Court
E. Barret Prettyman U.S. Courthouse
333 Constitution Ave, N.W., Rm 1225
Washington, D.C. 20001

Re: Riley June Wiliam – PAMD Case No.: 1:21-MJ-0007

Charging District's Case No.:  21 – MJ-099

Dear Clerk,

Please be advised that initial proceedings under Rule 5 were held as to the above-named defendant. The defendant was ordered released on bail pending further proceedings in your district. The filings from the court proceeding may be retrieved from CM/ECF at https://ecf.pamd.circ3.dcn and are enclosed.

If this office can be of any further assistance, please contact the undersigned court clerk at (717) 221-3924.

Sincerely,

s/ Kevin J. Neary

Kevin J. Neary, Deputy Clerk

JAN 2 5 2021